

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Chas. H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:                    Opinion No. O-6530
                             Re:  Guardian bonds required
                                  by Articles 4141 and 4201,
                                  Vernon's Annotated Civil
                                  Statutes.

        In your letter of April 12, 1945, you request the
opinion of this department on the following questions:

        "Question No. 1  Does Article 4141 require
        the guardians general bond be in an amount
        equal to double the amount shown on deposit
        in the bank after the sale of real estate
        when the guardians general bond, together
        with the special real estate sales bond
        amounts to double the personal property
        on hand?

        "Question No. 2  When does the conditions of a
        guardians special real estate sales bond become
        fully complied with?

        "Question No. 3  Is there any statutes or de-
        cisions in Texas which authorizes the release
        of the principal and sureties upon a guardians
        special real estate sales bond prior to the
        time that the wards legal disabilities are
        removed?

        "Question No. 4  In determining the amount of
        the guardians bond, in accordance with Article
        4141, is it permissible for the County Judge to
        add together the amount of the general bond and
        the special real estate sales bond?

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Chas. H. Theobald,  page 2

"Question No. 5  Article 4141 provides that when it appears to the County Judge that the bond on file is not ample to protect the estate, and the interest of the ward, he shall require the guardian to execute another bond in accordance with law.  Do these words mean that an entirely new bond shall be given or can an additional bond be given, which provides in the bond that the same is in addition to the previous bond, and when added thereto equals the amount of the bond ordered by the County Judge in compliance with Article 4141?"

Article 4141, Vernon's Annotated Civil Statutes, is as follows:

"The bond of the guardian of the estate of a ward shall be in amount equal to double the estimated value of the personal property belonging to such estate, plus a reasonable amount to be fixed at the discretion of the county judge, to cover rents, revenues and income derived from the renting or use of real estate belonging to such estate.  Such bond shall be payable to and approved by the county judge of the county where such guardianship is pending, and conditioned that such guardian will faithfully discharge the duties of guardian of the estate of such ward according to law.  It shall be the duty of such county judge to annually examine into the condition of the estate of the ward and the solvency of such guardian's bond, and to require such guardian at any time it may appear that such bond is not ample security to protect such estate and the interests of his ward, to execute another bond in accordance with law.  In such case, he shall notify the guardian as in other cases; and should damage or loss result to the estate of any ward through the negligence of such county judge to perform such duties, such county judge shall be liable on his official bond, payable to such ward, in an amount equal to the loss due to such negligence."

Honorable Chas. H. Theobald, page 3

Section 4 of Article 4201, V. A. C. S. is as follows:

"That no sale of real estate made by the
guardian shall be confirmed, nor shall title
of the ward to such real estate pass to the
purchaser unless and until it shall first be
found and determined by the Court, by an or-
der duly made and entered, that the guardian
has filed a good and sufficient bond in an
amount equal to twice the amount for which
said real estate is sold, and that the sure-
ties on such bond are solvent, provided,
however, that where the sale of such real
estate is made to the owner or holder of a
secured claim against the estate, and the
same is of the real estate securing such
claim and is in full payment, liquidation
and satisfaction thereof, only the amount
of cash, if any, actually received by such
guardian in excess of the amount necessary
to pay, liquidate and satisfy such claim in
full, shall be considered in passing upon
the sufficiency of the bond as hereinabove
required."

Art. 4216, V. A. C. S. is as follows:

"At any time after the expiration of five (5)
days after the filing of a report of sale, the
Court shall inquire into the manner in which such
sale was made and hear evidence in support of or
against such report, and if satisfied that such
sale was fairly made and in conformity with law
and that the guardian has on file a good and suf-
ficient bond in an amount equal to twice the value
for which said real estate is being sold, and if
and when the guardian's said bond has been examined
by the Court and found to be in the amount above re-
quired with good and sufficient sureties thereon, as
evidenced by an order duly made and entered by the
Court to that effect, the Court shall cause to be
entered a decree confirming such sale and order the
report of sale to be recorded by the Clerk and the
proper conveyance of the property sold to be made
by the guardian to the purchaser, upon compliance
by such purchaser with the terms of sale, provided,
however, that where the sale of such real estate is
made to the owner or holder of a secured claim
against the estate and the same is of the real es-
tate securing such claim and is in full payment,

Honorable Chas. W. Theobald, page 4

liquidation, and satisfaction thereof, only the
amount of cash, if any, actually received by such
guardian in excess of the amount necessary to pay,
liquidate and satisfy such claim in full, shall
be considered, together with the other property,
of the estate, in passing upon the sufficiency
of such bond. The provisions of this Act shall
be mandatory and unless the Court shall first
determine that the guardian's bond is adequate
and solvent, as above set forth, as evidenced
by an order made and entered by the Court to
that effect, any sale of real estate hereafter
made under the provisions of this Title shall
be void; provided,that the provisions hereof
shall not apply to cases pending at the time
this law becomes effective."

Articles 4201 and 4216 were last amended in 1943 by the
48th Legislature, Regular Session, Chap. 376, p 684. We have
failed to find any case where the Appellate Courts of this State
have construed or interpreted the foregoing statutes since their
amendment in 1943. It will be noted that the Legislature omitted
the words "general bond" in both of the statutes when they were
last amended. It is apparent that the Legislature intended that
when real estate of the ward was sold, the party making the ap-
plication to sell would have to file a bond in an amount equal
to twice the price of the property.

When a guardian qualifies under Art. 4141, he must file a
bond conditioned upon the faithful discharge of his general duties.
Such bond must be in an amount equal to double the estimated val-
ue of the personal property belonging to such estate, plus a
reasonable amount to be fixed at the discretion of the county
judge to cover rents, revenues and income derived from the rent-
ing or use of real estate belonging to such estate. When the
guardian sells real estate, he must file an additional bond in
an amount equal to twice the price of the property as required
by Section 4 of Art. 4201 and Art. 4216. It was the purpose of
the Legislature to require a bond in the first instance in an
amount commensurate with the liabilities of the guardian based
upon the general duties imposed upon him by the statutes. Inas-
much as the sale of real estate is not one of these, the sure-
ties on his general bond are not liable for dereliction in
respect to such sales. Conversely, sureties on the sale bond
are liable only for the breach of its conditions, and not for
failure of the guardian to perform the duties contemplated by
the general bond. Whenever it appears that a guardian is
accountable either under his general bond or under his sale
bond, it must be shown, before liability will attach to a

Honorable Chas. H. Theobald,    page 5

particular set of sureties, the shortage due arose in connection with the matters contemplated in the bond executed by them. Where it is clear that the delinquency originated out of the sale of real property, the sureties on the sale bond are liable. (For authorities on the foregoing statement, see the cases American Indemnity Co. vs. Noble, 235 S. W. 867 and National Surety Co. vs. Hemphill, 13 S. W. (2d) 921, and the authorities cited in these cases.

This opinion is confined to guardians and the bonds required of them by Articles 4141, 4201, and 4216.

In view of the foregoing authorities, your first question is respectfully answered in the negative.

Your second question is so broad in scope and general in nature that we cannot categorically answer the same. If you have any specific question in mind concerning any particular bond and desire our opinion on whether the conditions of such bond or bonds have been complied with, we shall be glad to give these matters our further consideration when fully advised regarding the matters involved.

In answer to your third question, you are advised that Art. 4150, V. A. C. S. provides:

"A surety upon the bond of a guardian may be relieved from his bond in the same manner and with like effect, as is provided in the case of a surety upon the bond of an executor or administrator."

Art. 3395, V. A. C. S. provides:

"The sureties upon the bond of an executor or administrator, or any one of these, may, at any time, present a petition to the county judge praying that such executor or administrator may be required to give a new bond and that he or they may be discharged from all liability for the future acts of such executor or administrator, whereupon such executor or administrator shall be cited to appear and give a new bond."

Honorable Chas. H. Theobald,   page 6

> "When a new bond has been given and approved,
> the sureties upon the former bond of such execu-
> tor or administrator are thereby discharged from
> all liability for the future acts of such executor
> or administrator, and an order to that effect shall
> be entered upon the minutes of the court." (Art.
> 3399, V. A. C. S.)

Generally speaking, the liability on a bond commences with the assumption of his duties by the guardian and the execution of the instrument by the sureties and continues until exoneration of the principal, either by discharge or a valid release, or exoneration of the sureties by the giving of a new bond and the issuance of an order releasing them. (See Tex. Jur. Vol. 21, p 398, and authorities cited therein.) Where the principal and the sureties on a guardian's real estate sales bond desire to be released, in the case of the guardian, he must be released either by discharge or a valid release in conformity with the statutes. Where the sureties desire to be released, they must be released by the guardian giving a new bond and the issuance of an order releasing them. Stated differently, neither the guardian nor the sureties can be released as long as the guardianship is pending except by the methods prescribed by the statutes.

Replying to your question No. 4, you are advised that it is our opinion that in determining the amount of a guardian's bond in accordance with Art. 4141, it is not permissible for the county judge to add the amount of the general bond and the amount of the special real estate sales bond. Such procedure is not authorized by Articles 4141 or 4201, or any other statute that we have found. The bonds required by Articles 4141 and 4201 are for different purposes, and it was not contemplated that the amount of such bonds could be added for the purpose of executing a bond in accordance with Art. 4141.

We now consider your fifth question. Generally speaking, the circumstances under which a new bond may be required of executors and administrators are fully prescribed in Art. 3392, V. A. C. S., and the same rules are made to apply to guardians by Art. 4148, V. A. C. S. (See National Surety Corp. vs. Ladd, 115 S. W. (2d) 600.) When it appears to the judge that the bond of the guardian on file is not sufficient for any of the reasons mentioned in Art. 3392, in order to protect the estate and the interest of the ward, the judge should require the guardian to execute another bond in compliance with Articles 4141 and 4148.

Honorable Chas. H. Theobald, page 7

The latter articles authorizes the county judge to require new bonds of guardians in any case where he has the power to require new bonds of executors or administrators and under the same rules and regulations and with like effect. It is our opinion in view of Articles 4141 and 4148 that a new bond must be given, and there is no authority to supplement the old bond by the execution of an additional bond. Stated differently, the county judge would not be authorized to accept a new bond where it was intended that a new bond was in addition to the previous bond. It is our further opinion that an entire new bond must be given, which is sufficient to protect the estate and the interest of the ward, when the previous bond on file is not sufficient to protect the estate and the interest of the ward.

We have carefully considered the following cases which we believe support our answers to the questions you presented:

Simpson vs. Booth, et ux, 163 S. W. (2d) 1080; Haggard et al vs. McFarland, et al, 155 S. W. (2d) 797; Sloan vs. Woods, 25 S. W. (2d) 309; Wilkinson vs. Owens, 72 S. W. (2d) 330; and American Indemnity Co. vs. Padgett, 136 S. W. (2d) 254.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:LJ

APPROVED MAY 3 1945


APPROVED
OPINION
COMMITTEE
BY